**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| RANDOM CHAT, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 2:25-CV-00478-JRG |
| ALTRA FEDERAL CREDIT UNION, | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the Court is the Motion to Dismiss for Failure to State a Claim (the "Motion") filed by Defendant Altra Federal Credit Union ("Defendant"). (Dkt. No. 10.) Having considered the Motion, the Court finds that it should be and hereby is **GRANTED** and the above-captioned case should be and hereby is **DISMISSED WITH PREJUDICE**.

## I. BACKGROUND

Plaintiff Random Chat, LLC ("Plaintiff") filed its Complaint in the above-captioned case against Defendant on May 5, 2025. (Dkt. No. 1.) This original Complaint remains operative in this case. The Complaint alleges infringement of U.S. Patent No. 8,402,099 (the "'099 Patent"). Defendant filed the Motion on August 27, 2025. (Dkt. No. 10.) The Court held a hearing for argument on the Motion on February 2, 2026. (Dkt. No. 25.)

## II. LEGAL AUTHORITY

A defendant may move to dismiss a claim under Rule 12(b)(6) when a pleading "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550, U.S. 544, 570 (2007)).

Patentability under 35 U.S.C. § 101 is a "threshold" legal issue. *See Bilski v. Kappos*, 561 U.S. 593, 602 (2010). The § 101 inquiry can be raised and properly resolved at the pleadings stage if it is apparent from the face of the patent that the asserted claims are not directed to eligible subject matter. *See Ultramerical, Inc. v. Hulu, LLC*, 722 F.3d 709, 718-19 (Fed. Cir. 2014) (Mayer, J., concurring). In situations such as these, claim construction may not be required to conduct a dispositive § 101 analysis. *Bancorp Servs., L.L.C. v. Sun Life Assur. Co.*, 687 F.3d 1266, 1273 (Fed. Cir. 2012).

## III.    ANALYSIS

### A.  The '099 Patent and the Representative Claim

Plaintiff describes the '099 Patent in its Complaint as relating to "methods and apparatuses for executing multimedia communication, particular video, audio, and/or text chat between terminals." (Dkt. No. 1 at 2.) This description quotes from the '099 Patent abstract, which states: "[t]he invention relates to a process for executing a multimedia communication, in particular a video, audio and/or text chat, between a totality of terminals arranged in a communication network, which communication is based on a network protocol, in particular TCP/IP or UDP." (Dkt. No. 1-1 at 1.)

Defendant asserts that Claim 1 of the '099 Patent is representative (Dkt. No. 10 at 7), and Plaintiff agrees (Dkt. No. 13 at 5). Since the patentee has not "present[ed] any… argument for the distinctive significance of any claim limitations not found in the representative claim," the Court finds Claim 1 representative for purposes of its § 101 analysis. *See Berkheimer v. HP Inc.*, 881 F.3d 1360, 1365 (Fed. Cir. 2018).

Representative Claim 1 of the '099 Patent provides:

A method for executing a multimedia communication, in particular at least one of a video, audio or text chat, between a totality of terminals arranged in a communication network, which communication is based on a network protocol, in particular at least one of TCP/IP or UDP, wherein:

at least one subscriber generates a personalized user account in the form of a virtual subscriber profile on a server or in a peer-to-peer network, wherein, by setting up the virtual subscriber profile, the multimedia communication is established at each of the terminals:

via the subscriber profile a mode of a subscriber selection preceding the communication, at least one of a communication type or a number of communication links to one of the terminals or the type of data transmission employed for the communication are freely defined;

the subscriber selection mode includes a random process for setting up a communication link between a selecting terminal of a first subscriber profile to at least another terminal of a random subscriber profile; and

the subscriber selection mode includes an activatable call procedure for establishing a communication link between the selecting terminal of the first subscriber profile and at least one other terminal of a subscriber profile stored in a selection list, wherein these subscribers form a plurality of at least one of an open and a closed subscriber sub-pool, whereby all subscribers in the procedure form a total set referred to as a subscriber pool, which subscriber pool may be subdivided into a number of the subscriber sub-pools, whereby all subscribers are classified by entries within their respective subscriber profiles and arbitrarily defined contacts to other subscribers, and whereby the subscriber classifications result in the number of sub-pools, which are formed as subsets of the larger subscriber pool.

(*See* Dkt. No. 1-1 at 22: 26-60.)

## B.  Claim Construction

Neither party asserts that claim construction is necessary to resolve the Motion. (*See* Dkt. No. 10 at 17; Dkt. No. 27 at 14.) The Court is also persuaded that no claim construction issues preclude resolution of the Motion at the pleading stage. Accordingly, the Court proceeds with its § 101 analysis without conducting prior claim construction.

### C.  The Eligibility of the '099 Patent's Representative Claim Under § 101

The Supreme Court has "long held that [§ 101] contains an important implicit exception: Laws of nature, natural phenomena, and abstract ideas are not patentable." *Ass'n for Molecular Pathology v. Myriad Genetics, Inc.*, 569 U.S. 576, 589 (2013) (internal quotation omitted). To "distinguish[] patents that claim laws of nature, natural phenomena, and abstract ideas from those that claim patent-eligible application of those concepts," the Supreme Court has articulated a two-step framework. *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 217 (2014). First, the court must determine "whether the claims at issue are directed to a patent-ineligible concept." *Id*. If the court finds at step one that the claims at issue are directed to a patent-ineligible concept, the court evaluates whether there is "an inventive concept—i.e., an element or combination of elements that is sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the ineligible concept itself." *Id*. at 217-18 (internal citation omitted).

#### a.  *Alice* Step One

At Step One, the Court must analyze the "focus" of the claim, and its "character as a whole," to determine whether the claim is directed to an abstract idea. *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1167 (Fed. Cir. 2018). "The inquiry often is whether the claims are directed to a 'specific means or method' for improving technology or whether they are simply directed to an abstract end-result." *RecogniCorp, LLC v. Nintendo Co.*, 855 F.3d 1322, 1326 (Fed. Cir. 2017) (quoting *McRO, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299, 1314 (Fed. Cir. 2016)). If a claim could be "performed in the human mind, or by a human using pen and paper," then it is abstract. *CyberSource Corp. v. Retail Decisions, Inc.*, 654 F.3d 1366, 1372 (Fed. Cir. 2011). "[M]erely adding computer functionality to increase the speed or efficiency of [a] process does not

4

confer patent eligibility on an otherwise abstract idea." *Intell. Ventures I LLC v. Capital One Bank (USA)*, 792 F.3d 1363, 1370 (Fed. Cir. 2015).

Defendant asserts that Claim 1 covers only the abstract idea of "setting up an online chat session with a random person," and that it "purports to implement the steps [only] with conventional components and processes like a 'communication network,' a 'subscriber profile,' a 'communication link,' a 'random process,' and a 'selection list.'" (Dkt. No. 10 at 9-10.) Defendant argues that "[t]he applicants literally claimed an ordinary human activity in the real world and added 'do it with a computer.'" (*Id.* at 10, citing *Intell. Ventures I*, 792 F.3d at 1370.) Plaintiff responds that the focus of Claim 1 is "a random process for setting up a communication link between a selecting terminal of a first subscriber profile to at least another terminal of a random subscriber profile," and that this claim is not abstract because it is "directed to tools for solving a prior art technological problem of establishing connections." (Dkt. No. 13 at 6, 9.)

The Court finds that Claim 1 is abstract under Step One. Claim 1 merely takes the concept of striking up a random conversation in the real world and implements it through existing online chat technology. The opinion in *Epic IP LLC v. Backblaze, Inc.*, authored by Circuit Judge Bryson sitting by designation in the District of Delaware, is particularly instructive. In *Epic IP*, Judge Bryson similarly considered claims involving online chat sessions and reasoned that "the idea of a chat session separate from the original website is not an invention; it is a disembodied concept. The asserted claims… recite the concept, but not the way to implement it." 351 F. Supp.3d 733, 740 (D. Del. 2018).

Plaintiff did not address *Epic IP* in its briefing, and at the hearing on the matter, stated that *Epic IP* does not apply to Claim 1 of the '099 Patent because "[it is] not claiming a result; [it] claim[s] with excruciating detail how you get to that multimedia communication." (Dkt. No. 27 at

5

20.) The Court disagrees. The steps required to carry out the claimed method in Claim 1 are directed to generic ideas like a user creating an account that includes a subscriber profile and selections list. These well-known concepts included in Claim 1 do not save it from being abstract.

The Court finds that Claim 1 of the '099 Patent is directed to a patent-ineligible concept under Step One. Accordingly, it next proceeds to Step Two of the inquiry.

### b.  *Alice* Step Two

Once a court has determined that the representative claims are directed to an abstract idea, it must next answer whether they contain "an inventive concept sufficient to transform the claimed abstract idea into a patent eligible application." *Alice*, 573 U.S. at 221 (internal quotations omitted). In searching for this inventive concept, courts consider "the elements of each claim both individually and as an ordered combination to determine whether additional elements transform the nature of the claim into a patent-eligible application." *BSG Tech LLC v. BuySeasons, Inc.*, 899 F.3d 1281, 1289 (Fed. Cir. 2018) (internal quotations omitted). The inventive concept must include "additional features" beyond the abstract idea it recites to ensure "that the claim is more than a drafting effort designed to monopolize the abstract idea." *Alice*, 573 U.S. at 221 (cleaned up).

Inventiveness is not established by implementing an abstract idea using "'well-understood, routine, conventional activit[ies]' previously known in the industry," or limiting the abstract idea to a "particular technological environment." *Id*. at 225-26 (citing *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 79 (2012); *Bilski*, 561 U.S. at 610-11). It is also not enough to provide "[a] simple instruction to apply an abstract idea on a computer." *Intell. Ventures I*, 792 F.3d at 1367.

Defendant asserts that "[t]he claims do not disclose any special way to implement the idea of permitting random online chat sessions, nor do they require any specific, improved hardware or

6

software configuration." (Dkt. No. 15 at 6.) At the hearing, Defendant further claimed that the same proposition stands when considering the well-ordered combination of the elements of Claim 1, given that "[i]f you're going to put computer components together in order to allow for random chat sessions to occur, this is the way you've got to do it." (Dkt. No. 27 at 29.)

Plaintiff responds that it has "ma[de] numerous factual allegations in the patent specification that are not rebutted by Defendant, which must be taken as true at this stage of the litigation" (providing a highlighted portion of the '099 Patent specification which states "it is the object to override the constrictions of the previously known video and chat systems and extend and upgrade the basic functions of such systems so as to allow the realization of social networks and web-based communities in a manner as flexible as possible") and that "Defendant's arguments attacking Plaintiff's claims under [§ 101] are essentially an attempt to present an argument under [§§ 102, 103]." (Dkt. No. 13 at 11.) When pressed for more detail on what exactly Plaintiff claims the inventive concept to be, Plaintiff returned to its claims about why Claim 1 is not abstract, asserting that "the claims aren't simply performing an abstract idea on a computer; instead they're managing, organizing, and facilitating complex multimedia communications… [t]he random process works in concert with the profile-driven sub-pooling to offer a more novel and more flexible communication experience that was not achievable with the prior art systems." (Dkt. No. 27 at 27.)

The Court is persuaded that Plaintiff has failed to identify a saving inventive concept withing Claim 1 of the '099 Patent. As the Federal Circuit has explained, if the representative claim(s), read in light of the specification "can be implemented using generic computer elements," then they "do not show a technological improvement." *See Hawk Tech. Sys., LLC v. Castle Retail LLC*, 60 F.4th 1349, 1355 (Fed. Cir. 2023) (internal citation omitted). Claim 1 recites the use of

7

only conventional computer elements, such as "multimedia communication," a "communication network," a "network protocol," "terminals," a "server," and "communication links." (Dkt. No. 1-1 at 22:26-60.) The claimed "communication network… is typically the internet with the tailor-made packet-switched communication protocol TCP/IP and UPD, respectively" (*id*. at 6:23-26); the claimed "terminal" can be any "stationary or mobile personal computers, notebooks, but also web-compatible hand-held devices such as PDA or mobile phones [which] communicate with a server" (*id*. at 6:26-29); the claimed "server" is "realized by known script languages such as PHP, Perl, Python within the scope of so-called modules, servlets by using Java, or by Java server pages" (*id*. at 6:48-51); the claimed "multimedia communication" is done via "shockwave flash files, flash player or comparable applications, a web browser and an operating system, e.g. MacOS or an operating system from the MS-Windows family" (*id*. at 7:56-61); and the claimed "communication link" allows "[t]wo subscribers [to] communicate directly with each other via a video/audio connection and/or a text chat connection (*id*. at 9:2-4).

The "factual dispute" Plaintiff tries to raise amounts to nothing more than a reiteration of its argument that the '099 Patent is not abstract because it provides a technological improvement for orchestrating random chat sessions via quoted language from the specification. The Court has already considered with this argument at Step One and finds that it is a conclusory allegation insufficient to defeat Defendant's Motion at this stage of litigation.

For these reasons, the Court finds that the representative claim of the '099 Patent does not contain an inventive concept sufficient for patent eligibility under § 101.

### D. Dismissal With Prejudice

Plaintiff requested "leave to amend if the Court is inclined to grant Defendant's Motion… in any respect." (Dkt. No. 13 at 12.) Defendant asserts that dismissal of the Complaint should be

with prejudice "[b]ecause leave to amend would be futile." (Dkt. No. 10 at 18.) Futility of the amendment is a factor that the Fifth Circuit considers in determining whether to grant a party leave to amend a complaint (*see Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)), and the Court finds such to be dispositive in this case. Since "[n]o amendment to the complaint can alter what the ['099] patent itself states… granting leave to amend here would be futile." *See U.S. Patent No. 7,679,637 LLC v. Google LLC*, No. 2024-1520, 2026 WL 174922, at *5 (Fed. Cir. Jan. 22, 2026). Accordingly, the Court determines that dismissal in this case should be and hereby is **WITH PREJUDICE**.

## IV.   CONCLUSION

For the reasons stated herein, the Court finds that claim 1 of the '099 Patent is not patent-eligible and therefore Altra's Motion to Dismiss (Dkt. No. 10) is **GRANTED** and the Complaint is **DISMISSED WITH PREJUDICE**. Consistent with this ruling, the Clerk is directed to **CLOSE** this case.

**So ORDERED and SIGNED this 6th day of March, 2026.**

_____
RODNEY   GILSTRAP
UNITED STATES DISTRICT JUDGE

9